UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Shaun Levestone,**

        Plaintiff,

v.

**Bortel et al.,**

        Defendants.

**REPORT and RECOMMENDATION**

21-CV-6461-EAW-MJP

## INTRODUCTION

**Pedersen, M.J.** All litigants—including *pro se* litigants—must comply with court orders. *Baba v. Japan Travel Bureau Int'l, Inc.,* 165 F.R.D. 398, 402 (S.D.N.Y.1996), *aff'd,* 111 F.3d 2 (2d Cir. 1997) (quoting *McDonald v. Head Crim. Court Supervisor Off'cr,* 850 F.2d 121, 123 (2d Cir. 1988). "When [a *pro se* litigant] flout[s] that obligation they, like all litigants, must suffer the consequences of their actions." *Id.* (alterations added). I do not make a recommendation of dismissal lightly. Before doing so, I provide the *pro se* litigant ample opportunity to respond.

Here, at my direction, the Clerk of the Court issued an order to show cause under Loc. R. Civ. P. 41(b) to Plaintiff Shaun Levestone on May 23, 2023. (ECF No. 22.) My order directed him to show cause why this case should not be dismissed under Fed. R. Civ. P. 41(b). (*Id.*) Levestone did not respond. Six months have passed. And well over a year has passed since the last time I heard from Levestone. I thus report

1

and recommend that the Hon. Elizabeth A. Wolford, Chief Judge, enter an order dismissing Levestone's case.

## BACKGROUND

### *Levestone sues two DOCCS officers for allegedly beating him.*

Levestone filed suit on June 25, 2021. (ECF No. 1.) He alleges that on April 9, 2021, two DOCCS officers removed him from his cell and beat him. (*Id*. at 5.) Levestone's alleged injuries include a laceration to his right eye, which required seven stitches, a split lip, and injuries to his leg and knee. (*Id*. at 5–6.) Levestone indicates these injuries required his hospitalization. (*Id*.) He alleges that he filed a grievance, adding that DOCCS had yet to respond when he filed his complaint. (*Id*. at 6, 8–11.)

### *Levestone fails to appear at the Rule 16 conference and fails to respond to my order to show cause.*

After screening Levestone's case and permitting him to proceed *in forma pauperis*, (Order, ECF No. 8, Mar. 18, 2022), Chief Judge Wolford referred this case to me for all pretrial matters. (Text Order, ECF No. 18, Mar. 16, 2023.) A day later, I scheduled a Rule 16 conference. To facilitate the conference, I issued an order directing the parties to meet and confer under Rule 26(f). (Order, ECF No. 19, Mar. 17, 2023.) My order required the parties to file a discovery plan no later than four days before the Rule 16 conference. (*Id*.) I sent this to Levestone. (*Id*.) The docket entry included call-in information which I

2

likewise sent to Levestone. (*Id.*) I set the Rule 16 conference for May 10, 2023 at 10:15 a.m. (*Id.*)

The parties did not file a discovery plan. Then, Levestone did not show up at the Rule 16 conference. (Minute Entry, ECF No. 21, May 10, 2023.) After giving Levestone time to appear, I went on the record, stating that Defendants' counsel was present, but that Levestone had not appeared and had not called my chambers. I added that I would issue an order to show cause.

Acting at my direction, the Clerk of the Court issued an order to show cause on May 23, 2023. (ECF No. 22.) Levestone's deadline to respond under that order was June 23, 2023. (*Id.*) The order stated unambiguously: "Failure to comply with this order will result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." Levestone did not respond. (ECF No. 22, May 23, 2023.) Six months have now come and gone without any word from Levestone.

## APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against" that defendant. "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.

2001). Accordingly, Local Rule 41 allows me to issue an order to show cause in these circumstances:

> If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.

After I issue an order to show cause, I must still examine five factors under controlling case law. These factors are:

1. "The duration of the plaintiff's failures";

2. "Whether plaintiff had received notice that further delays would result in dismissal";

3. "Whether the defendant is likely to be prejudiced by further delay";

4. "Whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process"; and

5. "Whether the judge has adequately assessed the efficacy of lesser sanctions."

*See LeSane*, 239 F.3d at 209 (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)) (cleaned up).[1]

---

[1] For the avoidance of confusion, I note that each of these factors is quoted at the page I cited in *LeSane*. But I have chosen a more readable way to reproduce them, opting for a single citation instead of a lengthy series of quotations with separate citations, or an unwieldy block quotation. *See* Bryan A. Garner, *Legal Writing in Plain English: A*

4

# ANALYSIS

Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). This case presents the former. So, I report and recommend that Levestone's case be dismissed under the five factors from *LeSane* and *Alvarez*.

### *The duration and notice factors favor dismissal.*

**Duration.** Here, Levestone has made no efforts to move his case into discovery. Levestone last filed a letter on June 10, 2023, to notify the Court about his change in address. That address is currently reflected on the docket. Yet Levestone failed to submit a discovery plan, failed to appear at the Rule 16 conference, and failed to respond to my order to show cause. Now six months have passed since the Court last tried to reach Levestone.

But none of the Court's communications have come back undelivered to my knowledge. I thus conclude that this six-month delay is deliberate inaction weighing in favor of dismissal. *See Sharon L. Klein, Individually & as Ex'x of the Est. of Daniel O. Klein, deceased v. United States of America, et al.*, No. 1:18-CV-00360-EAW-MJR, 2020 WL

---

*Text with Exercises* § 43 (2d ed. 2013) ("Highlight ideas with attention-getters such as bullets.").

5

13200596, at *2 (W.D.N.Y. Dec. 1, 2020), *report and recommendation adopted*, 2021 WL 8086562 (W.D.N.Y. Jan. 7, 2021) ("Plaintiff's approximately four-month period of seemingly deliberate inaction after advising the Court she did not wish to proceed *pro se* supports dismissal of the case."); *Brown v. General Nutrition Cos.*, 356 F. App'x. 482, 486 (2d Cir. 2009) (noting that a "four-month delay cannot be said to be of insignificant duration"). Levestone appears to be receiving the Court's communications yet doing nothing.

**Notice.** Because Levestone appears to be receiving the Court's communications, I conclude that the notice factor likewise favors dismissal. That said, the Second Circuit has indicated that *pro se* plaintiffs must receive more specific notice: at least one notice must warn the plaintiff that a failure to respond will result in dismissal. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The order to show cause met this requirement. It unambiguously warned Levestone that failure to respond would result in dismissal under Rule 41(b).

Even so, Levestone will have yet another opportunity to respond. As a magistrate judge, I cannot dismiss this action; Levestone may object to my report and recommendation. With the order to show cause and this report and recommendation, Levestone will have had multiple dismissal warnings. This factor therefore weighs in favor of dismissal. *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66–67 (S.D.N.Y.

1989) (finding dismissal pursuant to FRCP 41(b) proper, in part, where the court warned the plaintiffs that "their continued failure to prosecute diligently this action would result in dismissal pursuant to Fed. R. Civ. P. 41(b)")

***I presume that Defendants will be prejudiced by additional delay.***

"Prejudice to defendants resulting from unreasonable delay may be presumed ... but in cases where the delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). Here, Levestone has unreasonably delayed by failing to take any actions for over a year. His last communication came to the Court on June 10, 2022. (ECF No. 14.) I have not heard from him since. Nor has my staff. I presume prejudice based this.

Further, Levestone's delay could result in actual prejudice to Defendants. Lapses in time compromise witnesses' availability and their ability to accurately recall relevant events. Delays also may affect the preservation of evidence. Certainly, Levestone's delay in conducting discovery has hindered Defendants' ability to seek a dispositive resolution of this matter. For these reasons, this factor weighs in favor of dismissal.

### *On balance, the calendar congestion factor favors dismissal.*

The fourth factor requires me to balance calendar congestion and a plaintiff's right to present their case. The Second Circuit has cautioned that "a court must not let its zeal for a tidy calendar overcome its duty to do justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968). But Levestone has failed to act for a lengthy amount of time, failed to respond to my pre-Rule 16 conference order, and failed to appear at the Rule 16 conference or respond to my order to show cause. Taken together, these failures "more than adequately establish[] that this case serves as nothing more than to congest the court's docket and divert the court's attention from other matters." *Lewis v. Livingston Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016) (citation omitted).

Regarding due process, Levestone's failure to litigate this matter cannot be construed as the denial of his right to present his case. *See Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("[A]ny claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). Levestone ostensibly knew about the Rule 16 conference and order to show cause. But he did not respond. His choice not to appear is hardly a denial of due process. This factor, too, weighs in favor of dismissal.

*I do not find that lesser sanctions would have been effective.*

Lastly, it is unlikely that lesser sanctions would be effective here. Levestone has ignored all deadlines and orders in this case for well over six months. His lack of engagement in this case indicates that he is not interested in progressing his case. *Ruzsa v. Rubenstein & Sendy Attys. at Law,* 520 F.3d 176, 177–178 (2d. Cir. 2008) ("In light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a lesser sanction would have proved effective in this case.") (alteration added and cleaned up). Based on this, I conclude that lesser sanctions would not be effective.

## CONCLUSION

For the foregoing reasons, I report and recommend that the Hon. Elizabeth A. Wolford, Chief Judge, dismiss Plaintiff's complaint with prejudice pursuant to Rule 41(b) for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1), I hereby

**ORDER**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections … shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

**Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

Dated:   November 29, 2023
         Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge