UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAUN LEVESTONE,

Plaintiff,

v.

BORTEL, *Correctional Officer*, and
INGLUTS, *Correctional Officer*,

Defendants.

**DECISION AND ORDER**

6:21-CV-06461 EAW

**INTRODUCTION**

*Pro se* plaintiff Shaun Levestone ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on June 25, 2021. (Dkt. 1). Currently pending before the Court is a Report and Recommendation (the "R&R") issued by United States Magistrate Judge Mark W. Pedersen recommending the dismissal of Plaintiff's claims with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. 23). For the reasons set forth below, the Court adopts the R&R in its entirety. As a result, the case is dismissed with prejudice.

**BACKGROUND**

As set forth in the R&R, on March 17, 2023, Judge Pedersen scheduled a conference pursuant to Federal Rule of Civil Procedure 16 for May 10, 2023, and issued an order requiring the parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and to file a proposed discovery plan. (Dkt. 23 at 2-3). The parties did not file a discovery plan. (*Id*. at 3). Plaintiff did not appear at the Rule 16 conference. (*Id*.).

At Judge Pedersen's direction, the Clerk of Court issued an Order to Show Cause on May 23, 2023, requiring Plaintiff to show cause in writing why the matter should not be dismissed for failure to prosecute. (Dkt. 22). Plaintiff's deadline to respond was June 23, 2023. (*Id*. at 1). Plaintiff was expressly warned that failure to comply with the Order to Show Cause would "result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id*.). The Order to Show cause was mailed to Plaintiff at his address of record and was not returned as undeliverable. Plaintiff did not respond to the Order to Show Cause, nor has he otherwise contacted the Court. (*See* Dkt. 23 at 3).

On November 29, 2023, Judge Pedersen issued the R&R, recommending that the case be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b). (Dkt. 23). No party filed objections to the R&R.

**DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to the R&R. No objections were filed. The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Notwithstanding the lack of objections, the Court has conducted a careful review of the R&R, as well as the prior proceedings in the case, and finds no reason to reject or modify the R&R. Accordingly, the matter will be dismissed with prejudice for failure to prosecute.

**CONCLUSION**

For the foregoing reasons, the Court adopts the R&R (Dkt. 23) in its entirety and dismisses the case with prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is hereby directed to enter judgment in favor of Defendants and close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: January 10, 2024
Rochester, New York